**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

AUG 2 4 2005

Michael N. Milby, Clerk of Court

**PAPPAS RESTAURANTS, INC.,**

Plaintiff,

v.

**ROMAN'S FOOD INC. d/b/a**
**PAPACITO'S CANTINA, and JAMAL**
**MOHAMMAD ROMAN**

Defendants.

Civil Action No. **H - 05 - 2991**

**JURY TRIAL REQUESTED**

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### NATURE OF THE ACTION

1.      Plaintiff Pappas Restaurants, Inc. ("PRI") has, since 1983, owned and operated several Tex-Mex restaurants under the federally-registered service mark PAPPASITO'S.  In addition to its PAPPASITO'S mark, PRI has also continuously used the mark PAPPASITO'S CANTINA in connection with its business, including as the full name of some of its restaurants. It has also, for several years, continuously used a stylized PAPPASITO'S CANTINA logo that contains the mark PAPPASITO'S as its dominant element:



2.      A key element of the trade dress employed by PRI in connection with its PAPPASITO'S restaurants is its menu.  PRI prominently displays the distinctive PAPPASITO'S CANTINA logo on the front of the menu overlaid on a reproduction of an old-fashioned painting

of a Mexican scene depicting a guitarist serenading a woman holding a bouquet of flowers.  On

the right hand border is a one-inch black strip beginning with the phrase "FAMOUS FOR OUR

FAJITAS & MESQUITE GRILLED SPECIALTIES," and continuing with a list of several types

of food featured at the restaurant.  The front cover of the menu appears below:



Inside the menu are several pages of food and drink items, many accompanied by brief textual

descriptions of the items.

       3.     Well after PRI began using its PAPPASITO'S and PAPPASITO'S CANTINA

marks, Defendants Roman's Foods Inc. and Jamal Mohammad Roman (collectively, "Roman")

adopted and began using the marks PAPACITO'S and PAPACITO'S CANTINA (in identical

stylized form) in nearby Baton Rouge, in the very same field of use:  Tex-Mex restaurant

services.  Not content to use virtually the same marks and logo in the identical business,

defendants' imitation of PRI has gone much further:  it has copied the menu graphics and much

of the content of the menus that PRI employs in its PAPPASITO'S CANTINA restaurants.  As a

result of Defendants' copying, the appearance of its menu is virtually indistinguishable from that

of PRI's.

 

4.      And Roman went even further:  it took the two most eye-catching elements of the

menu (the painting and the stylistic presentation of the PAPPASITO'S CANTINA mark) and

now uses them for billboards advertising Roman's "Papacito's Cantina" restaurants:

 

5.      As common sense would expect, the result of Roman's copying of PRI's

trademarks, trade dress, and copyrights has been consumer confusion.  PRI has learned of several

instances of actual consumer confusion.  PRI therefore has no choice but to seek judicial

intervention to stop the likelihood of (and actual) consumer confusion engendered by Roman's deliberate attempts to profit from PRI's hard-won goodwill and consumer recognition.

6.      Therefore, PRI brings this complaint for:  counterfeiting under the Lanham Act, 15 U.S.C. § 1114(1)(a); infringement of a registered trademark under the Lanham Act, 15 U.S.C. § 1114; trade dress infringement under the Lanham Act, 15 U.S.C. § 1125; unfair competition by infringement of an unregistered trademark under the Lanham Act, 15 U.S.C. § 1125; copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; trademark dilution under TEX. BUS. & COM. CODE § 16.29 and LA. REV. STAT. § 51:223.1; and unfair competition, unjust enrichment, and misappropriation under the common law of Texas.

### PARTIES

7.      Plaintiff Pappas Restaurants, Inc. is a Texas corporation having its principal place of business at 642 Yale Street, Houston, Texas 77007.

8.      On information and belief, Defendant Roman's Food Inc. is a Louisiana corporation, with its principal place of business at 13425 Highland Rd., Baton Rouge, Louisiana 70810.

9.      On information and belief, Defendant Jamal Mohammad Roman is a Louisiana resident who may be found at 13425 Highland Rd., Baton Rouge, Louisiana 70810, and is the chief executive officer and/or president of Roman's Food Inc.

### JURISDICTION; VENUE

10.      This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

11.      Personal jurisdiction and venue are proper in this district pursuant to 28 U.S.C. § 1391 because Defendants have committed, and continue to commit, tortious acts, in the state of

Texas and in this district, because a substantial part of the events giving rise to PRI's claims occurred in this district.

FACTS

**PRI, Its Trademarks, Trade Dress, and Copyrights**

12.     Since at least as early as 1983, PRI (including its predecessor-in-interest Dot Systems, Inc.) has used and promoted the distinctive PAPPASITO'S and PAPPASITO'S CANTINA marks in connection with its Tex-Mex restaurants.

13.     Starting with one location in Houston, Texas, PRI now operates approximately seventeen restaurants in Texas and Georgia under the PAPPASITO'S and PAPPASITO'S CANTINA marks. These restaurants are located in and around several large metropolitan areas, namely, Houston, Dallas/Forth Worth, San Antonio, Austin, and Atlanta.

14.     Through the hard work of PRI, the reputation of its Tex-Mex restaurants under the PAPPASITO'S and PAPPASITO'S CANTINA marks has spread throughout Texas and beyond. And due not only to PRI's hard work, but also because PRI's PAPPASITO'S restaurants are located in urban centers to and from which its customers frequently travel, the reputation of PRI's PAPPASITO'S restaurants has spread far beyond the geographic areas where its restaurants are physically situated.

15.     One area where the reputation of PRI's PAPPASITO'S restaurants has been known for years, and where patrons familiar with PRI's Texas-based PAPPASITO'S restaurants frequently travel, is the Baton Rouge, Louisiana, area.

16.     PRI has also registered its PAPPASITO'S mark with the United States Patent and Trademark Office. That registration, No. 1,338,505 (the " '505 Registration") duly and legally issued on May 28, 1985.

17.     The '505 Registration is not only valid and in full force, but PRI's right to use this

mark is now legally incontestable pursuant to 15 U.S.C. § 1065.  The incontestable registration is

conclusive evidence of registration of the mark, of its validity, of PRI's ownership of the mark,

and of PRI's exclusive right to use the registered mark in commerce, pursuant to 15 U.S.C. §

1115(b).  Roman's had, at minimum, constructive notice, at all relevant times, of the '505

Registration, pursuant to 15 U.S.C. § 1072.

18.     In addition to plain text use of its marks PAPPASITO'S and PAPPASITO'S

CANTINA, PRI has, for many years, also continuously used a stylized logo that that contains the

mark PAPPASITO'S as its dominant element:



Hereinafter, this complaint will refer to the stylized version shown immediately above as the

"PAPPASITO'S CANTINA logo mark."  Together, the PAPPASITO'S, PAPPASITO'S

CANTINA, and PAPPASITO'S CANTINA logo marks will be referred to as the

"PAPPASITO'S CANTINA marks."

19.     PRI uses its PAPPASITO'S CANTINA logo mark both in color and in black-and-

white.

20.     Among the many different forms of trade dress employed by PRI in connection

with its PAPPASITO'S restaurants is its distinctive menu.  On front cover of the menu, PRI

prominently displays the distinctive PAPPASITO'S CANTINA logo overlaid on a reproduction

of an old-fashioned painting of a Mexican scene depicting a guitarist serenading a woman

holding a bouquet of flowers.  On the right hand border of the front cover is a one inch black

strip on which text is printed in white, beginning with the phrase "FAMOUS FOR OUR

FAJITAS & MESQUITE GRILLED SPECIALTIES," and continuing with a list of several types

of food featured at the restaurant.  The front cover of the menu appears below:



Inside the menu are several pages of food and drink items, many accompanied by brief textual

descriptions of the items.

21.     By virtue of PRI's long use in interstate commerce of the distinctive

PAPPASITO'S CANTINA marks, as well as of the distinctive PAPPASITO'S CANTINA menu

trade dress, these marks and the menu trade dress have become exceedingly well known to the

consuming public.  In addition, the menu trade dress is non-functional.

22.     PRI has invested, and continues to invest, substantial resources in promoting its

services offered under its PAPPASITO'S CANTINA marks and menu trade dress.

23.     In addition to serving as part of PRI's trade dress, the PAPPASITO'S CANTINA

menu is an original work of expression.

24.     Inside PRI's PAPPASITO'S CANTINA menu is text listing the food items available at the restaurant and textual descriptions for many of them.  In addition, there is a half page devoted to certain beverages offered by PRI, entitled "Deliciosas Margaritas."  Listed on this page are several signature margaritas served at PRI's PAPPASITO'S restaurants, each bearing a unique name followed by a textual description of the particular margarita.  PRI uses such distinctive names as "Sierra Madre Margarita," "The Wave," "Horny Toad Margarita," and "Meltdown Margarita."

25.     The PAPPASITO'S CANTINA menu constitutes copyrightable subject matter under the laws of the United States and the copyright therein is owned by PRI.

26.     PRI has complied with the statutory formalities of the Copyright Act in that it has filed with the Copyright Office an application for registration of the PAPPASITO'S CANTINA menu, together with the required fee and depository materials.

**Roman, Their Counterfeiting, Infringement, and Other Injurious Activities**

27.     Well after the distinctive PAPPASITO'S CANTINA marks became well-known throughout Texas and into neighboring Louisiana, as well as in the Atlanta, Georgia, metropolitan area, Roman adopted and began using the marks PAPACITO'S CANTINA and PAPACITO'S in connection with Mexican or Tex-Mex style restaurants in the Baton Rouge area, where the PAPPASITO'S CANTINA marks are well-known.

28.     Roman's PAPACITO'S mark is substantially indistinguishable from PRI's registered PAPPASITO'S mark.

29.     Defendant Jamal Mohammad Roman also obtained a Louisiana State Trademark Registration for PAPASITO'S [*sic*] MEXICAN GRILL & BAR.

30.     In addition to adopting nearly identical word marks, Roman has also identically copied the stylized form employed for the distinctive PAPPASITO'S CANTINA logo mark. Indeed, Roman has gone further still in its efforts to derive economic benefit from the enormous goodwill PRI has built in the PAPPASITO'S CANTINA marks by copying the distinctive painting on the cover and the layout of the PAPPASITO'S CANTINA menu and used these distinctive elements for its own menu.  Below are true and correct digital copies of the front covers of the parties' respective menus:




31.     Not content to limit its copying to eye-catching graphics, Roman also copied and is using in its menu many of the textual elements of expression in the PAPPASITO'S CANTINA menu—most notably, the section listing the various kinds of Margarita drinks served at PRI's PAPPASITO'S restaurants.

32.     Specifically, Roman uses the same "half-page" size, the same rust-colored border containing the same repeating graphic pattern, the same distinctive typeface for the headings, and

even the same drink names and textual descriptions of almost all of the drinks as well.  To

illustrate Roman's wholesale copying, reproduced below are the copied textual descriptions:

| PRI's Drink Name and Description | Roman's Drink Name and Description |
|---|---|
| **Pappasito's Original Margarita**<br>Tequila, orange liqueur & fresh lime, served<br>frozen or on the rocks.<br>Grande 6.95  Regular 5.25 | **Papacito's Original Margarita**<br>Tequila, orange liqueur & fresh lime, served<br>frozen or on the rocks<br>Grande 6.95  Regular 5.25 |
| **Grand Gold Margarita**<br>Jose Cuervo Gold Tequila & Grand Marnier,<br>frozen or on the rocks.  6.95 | **Grand Gold Margarita**<br>Jose Cuervo Gold Tequila & Grand Marnier,<br>frozen or on the rocks  6.95 |
| **Sierra Madre Margarita**<br>A swirl of raspberry, a frozen melon peak,<br>floating in an icy Margarita. 8.95 | **Sierra Madre Margarita**<br>A swirl of raspberry, A frozen melon peak,<br>floating in an icy Margarita  8.95 |
| **"White Lightning" Margarita**<br>Herradura Silver Tequila & Cointreau served<br>on the rocks. 8.95 | **"White lightning" Margarita**<br>Herradura Silver Tequila & Cointreau served<br>on the rocks  7.95 |
| **Top Shelf Margarita**<br>(GOLD OR SILVER)<br>1800 Blanco or Reposado Tequila & Grand<br>Marnier frozen or on the rocks. 8.95 | **Top Shelf Margarita**<br>(GOLD OR SILVER)<br>1800 Blanco or Reposado Tequila & Grand<br>Marnier Frozen or on the rocks.  8.95 |
| **Mango, Raspberry or Strawberry<br>Margarita**<br>Juicy & delicious blended to perfection with<br>our original frozen Margarita. 6.95 | **Mango, Rasberry (sic) Or Strawberry<br>Margarita**<br>Juicy & delicious, blended to perfection with<br>our Original Frozen Margarita.  6.95 |
| **Meltdown Margarita**<br>Our original margarita with a floater of La<br>Grand Mar-Salle. Grande 7.95  Regular 6.50 | **Meltdown Margarita**<br>Our original margarita with a floater of la<br>Grand Mar-Salle. Grande 7.95  Regular 6.50 |
| **The Wave**<br>A fruity, frozen blend of margarita &<br>homemade sangria. 6.95  With a floater of La<br>Grand Mar-Salle—7.95 | **The Wave**<br>A fruity, frozen blend of margarita &<br>homemade sangria. 6.95  with a floater of La<br>Grand Mar-salle  7.95 |
| **Horny Toad Margarita**<br>Sauza Hornitos 100% Blue Agave Tequila &<br>La Grande Mar-Salle. 7.95 | **HORNY Toad Margarita**<br>Sauza Hornitos 100% Blue Agave Tequila &<br>La Grande Mar-Salle  7.95 |
| **Pappasito's "Platinum" Margarita**<br>Patron Silver Tequila & Cointreau frozen or on<br>the rocks. 9.95 | **Papacito's "Platinum" Margarita**<br>Patron Silver Tequila & Cointreau frozen or on<br>the rocks  9.95 |
| **Red Sangria**<br>A fresh, fruity & delicious red wine punch<br>infused with fruit juices and brandy. 4.95 | **Sangria**<br>A fresh, fruity& delicious red wine punch<br>infused with fruit juices and brandy  4.95 |

33.      Roman uses its nearly identical marks and identical trade dress and menu in the identical business as PRI: Tex-Mex restaurant services.

34.      Roman markets its restaurant services in the same channels of trade as PRI.

35.      Roman markets its restaurant services to the same classes of customers as PRI.

36.      By definition, since the parties operate restaurants, the retail outlets used by the parties are identical.

37.      On information and belief, Roman's infringement is willful, in that:

   (a) Well after PRI adopted, promoted, and successfully generated tremendous name recognition and goodwill in its PAPPASITO'S CANTINA marks, Roman chose nearly identical marks;

   (b) A rudimentary trademark search would have revealed that PRI and its predecessor-in-interest has federal registrations, conferring nationwide rights, in the mark PAPPASITO'S for restaurant services;

   (c) Roman further engaged in virtually identical copying of not only the cover graphics of PRI's menu for PAPPASITO'S CANTINA, but also of the layout, cover-listed food items, and of the drinks page thereof, and such nearly identical copying could have been accomplished only with knowledge of PRI's use of the PAPPASITO'S CANTINA marks and with a copy of PRI's menu in front of Roman's menu designer to serve as a model.

## *Injury to PRI and to the Consuming Public*

38.      Roman's unauthorized use of nearly identical marks, with identical associated graphics, as well as a nearly identical menu trade dress, for the exact same Tex-Mex restaurant services provided to the same class of customers as PRI's, is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties that Roman's PAPACITO'S restaurant services originate from the same company as PRI's, that Roman's services are approved, sponsored, or licensed by, or are affiliated with PRI, and/or are otherwise associated with PRI's services.

39.     Indeed, PRI is aware of several instances of actual consumer confusion.  For example, one customer called PRI's offices to complain about an experience he had at a Roman's PAPACITO'S restaurant, and argued with the PRI representative when she informed him that PRI did not have a PAPPASITO'S restaurant in Baton Rouge.  In addition, PRI has also received several calls from customers inquiring about PRI's involvement in the operation and/or ownership of Roman's Baton Rouge restaurants.

40.     Roman's use of a nearly identical mark, with similar graphics, as well as nearly identical trade dress, removes from PRI the ability to control the nature and quality of restaurant services provided under marks that consumers are likely to associate with PRI, and thereby places the valuable reputation and goodwill of PRI in the hands of Roman, third parties over whom PRI has no control.

41.     By adopting nearly identical marks and menu trade dress for identical services sold through similar restaurants to identical classes of customers, Roman has attempted to get an unfair "running start" in garnering consumer recognition of its services by siphoning off PRI's long and successful use and promotion of, and substantial investment in, the distinctive PAPPASITO'S CANTINA marks in the same field.  Roman's unauthorized use of nearly identical marks and menu trade dress for identical Tex-Mex restaurant services sold through similar restaurants to identical classes of customers thus unjustly enriches Roman at the expense of PRI's hard-won goodwill.

42.     Unless Roman's unlawful acts are restrained by this Court, they will continue, causing irreparable injury to PRI and to the public, for which there is no adequate remedy at law.

**Count One – Counterfeiting under the Lanham Act, 15 U.S.C. § 1114(1)**

43.     PRI realleges and incorporates herein by reference all of the matters alleged in the preceding paragraphs of this complaint.

44.     Roman's unauthorized use of a mark substantially indistinguishable from PRI's registered PAPPASITO'S mark in connection with the advertising, marketing, and sale of its services is likely to cause confusion, mistake, or to deceive consumers that Roman's services are connected with, sponsored by, affiliated with, or related to PRI, all in violation of 15 U.S.C. § 1114(1)(a).

45.     By reason of the foregoing, PRI has been and will continue to be irreparably harmed and damaged.  PRI's remedies at law are inadequate to compensate for this harm and damage.

**Count Two – Infringement under the Lanham Act, 15 U.S.C. § 1114(1)**

46.     PRI realleges and incorporates herein by reference all of the matters alleged in the preceding paragraphs of this complaint.

47.     Roman's unauthorized use of a mark confusingly similar to PRI's registered PAPPASITO'S mark in connection with the advertising, marketing, and sale of its services falsely suggests that these services are connected with, sponsored by, affiliated with, or related to PRI, all in violation of 15 U.S.C. § 1114(1).

48.     By reason of the foregoing, PRI has been and will continue to be irreparably harmed and damaged.  PRI's remedies at law are inadequate to compensate for this harm and damage.

**Count Three – Infringement of Unregistered Trademarks Under the Lanham Act**

49. PRI realleges and incorporates herein by reference all of the matters alleged in the preceding paragraphs of this complaint.

50. Roman's actions, as set forth above, constitute infringement of PRI's rights in its PAPPASITO'S CANTINA and PAPPASITO'S CANTINA logo marks, in violation of the unfair competition provisions of the Lanham Act, 15 U.S.C. § 1125(a)(1).

51. By reason of the foregoing, PRI has been and will continue to be irreparably harmed and damaged. PRI's remedies at law are inadequate to compensate for this harm and damage.

**Count Four – Infringement of Trade Dress Under the Lanham Act**

52. PRI realleges and incorporates herein by reference all of the matters alleged in the preceding paragraphs of this complaint.

53. Roman's actions, as set forth above, constitute infringement of PRI's rights in its nonfunctional and distinctive PAPPASITO'S CANTINA menu trade dress, in violation of the unfair competition provisions of the Lanham Act, 15 U.S.C. § 1125(a)(1).

54. By reason of the foregoing, PRI has been and will continue to be irreparably harmed and damaged. PRI's remedies at law are inadequate to compensate for this harm and damage.

**Count Five – Copyright Infringement**

55.     PRI realleges and incorporates herein by reference all of the matters alleged in the preceding paragraphs of this complaint.

56.     Roman's actions, as set forth above, constitute infringement of PRI's copyrights in its PAPPASITO'S CANTINA menu, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

57.     By reason of the foregoing, PRI has been and will continue to be irreparably harmed and damaged. PRI's remedies at law are inadequate to compensate for this harm and damage.

**Count Six -- Violation of Texas Dilution Statute, TEX. BUS. & COM. CODE § 16.29**

58.     PRI realleges and incorporates herein by reference all of the matters alleged in the preceding paragraphs of this complaint.

59.     Roman's use of the marks PAPACITO'S and PAPACITO'S CANTINA and the menu trade dress is likely to injure PRI's business, or to dilute the distinctive quality of its PAPPASITO'S and PAPPASITO'S CANTINA marks and menu trade dress, in violation of TEX. BUS. & COM. CODE § 16.29.

60.     By reason of the foregoing, PRI has been and will continue to be irreparably harmed and damaged. PRI's remedies at law are inadequate to compensate for this harm and damage.

**Count Seven -- Violation of Louisiana Dilution Statute, LA. REV. STAT. § 51:223.1**

61.     PRI realleges and incorporates herein by reference all of the matters alleged in the preceding paragraphs of this complaint.

62.     Roman's use of the marks PAPACITO'S and PAPACITO'S CANTINA and the menu trade dress is likely to injure PRI's business, or to dilute the distinctive quality of its PAPPASITO'S and PAPPASITO'S CANTINA marks and menu trade dress, in violation of LA. REV. STAT. § 51:223.1.

63.     By reason of the foregoing, PRI has been and will continue to be irreparably harmed and damaged.  PRI's remedies at law are inadequate to compensate for this harm and damage.

**Count Eight – Unfair Competition under the Common Law of Texas**

64.     PRI realleges and incorporates herein by reference all of the matters alleged in the preceding paragraphs of this complaint.

65.     Roman's acts complained of herein constitute unfair competition under the common law of the State of Texas.

66.     By reason of the foregoing, PRI has been and will continue to be irreparably harmed and damaged.  PRI's remedies at law are inadequate to compensate for this harm and damage.

**Count Nine -- Unjust Enrichment under Texas Common Law**

67.     PRI realleges and incorporates herein by reference all of the matters alleged in the preceding paragraphs of this complaint.

68.     Roman has benefited from its use of the marks PAPACITO'S and PAPACITO'S CANTINA marks, its menu trade dress, and its copied elements of its menu and billboard trade

dress, which are confusingly similar—indeed, nearly identical—to PRI's PAPPASITO'S and PAPPASITIO'S CANTINA marks and menu.

69.     Roman appreciated that it obtained a benefit from its use of the marks PAPACITO'S and PAPACITO'S CANTINA marks, its menu trade dress, and its copied elements of its menu and billboard trade dress, and that such use and benefit was in derogation of PRI's rights in its marks, trade dress, and copyrights.

70.     It would be inequitable for Roman to retain that benefit without payment to PRI.

**Count Ten – Misappropriation under the Common Law of Texas**

71.     PRI realleges and incorporates herein by reference all of the matters alleged in the preceding paragraphs of this complaint.

72.     Through the extensive time, labor, skill, and money of PRI, PRI developed substantial goodwill and name recognition in the minds of its customers in its PAPPASITO'S and PAPPASITIO'S CANTINA marks, menu trade dress, and copyrights.

73.     Roman has gained a free ride by usurping and using that goodwill and name recognition to gain a special advantage.

74.     By reason of the foregoing, PRI has been and will continue to be irreparably harmed and damaged.  PRI's remedies at law are inadequate to compensate for this harm and damage.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the entry of judgment against Roman's Food Inc. and Jamal Mohammad Roman as follows:

1.     That the Court preliminarily and permanently enjoin Roman's Food Inc. and Jamal Mohammad Roman, their respective parents, subsidiaries, affiliates, officer(s), agents,

servants, employees, successors and assigns, and all those persons in active concert or
participation with any of them:

      a.      From adopting or using, as a company name or a mark, the designations
PAPACITO'S CANTINA, any other designation containing the word PAPACITO'S, or
any other designation containing, substantially indistinguishable from, or confusingly
similar to, PAPPASITO'S, in any way in connection with the advertising, promotion,
marketing, or sale of any food or food-related products, or the provision of restaurant or
catering services;

      b.      From adopting or using, as part of a company name or a mark, the design
elements of the PAPPASITO'S CANTINA logo mark, or any other design confusingly
similar to the PAPPASITO'S CANTINA logo mark;

      c.      From adopting or using, as part of its trade dress or in any advertising or
promotional material, the PAPPASITO'S CANTINA menu trade dress or any other trade
dress confusingly similar thereto;

      d.      From adopting or using any other mark that dilutes the distinctive quality
of the marks PAPPASITO'S, PAPPASITO'S CANTINA, or the PAPPASITO'S
CANTINA logo mark;

      e.      From publishing, printing, or disseminating any work that copies, in whole
or in part, any protectable elements of expression in, or otherwise infringe copyrights in,
the PAPPASITO'S CANTINA menu;

      f.      From conspiring with, aiding, assisting or abetting any other person or
business entity in engaging in or performing any of the activities referred to in
subparagraphs a-e above;

2.      That the Court order Roman's Food Inc. and Jamal Mohammad Roman to file with the Court and to serve upon Plaintiff, within thirty (30) days after the entry and service of any preliminary or permanent injunction upon Roman's Food Inc. and Jamal Mohammad Roman, a report in writing and under oath, specifying the manner and form in which the Roman's Food Inc. and Jamal Mohammad Roman have complied with the injunction;

3.      That the Court order Roman's Food Inc. and Jamal Mohammad Roman, their respective parents, subsidiaries, affiliates, officer(s), agents, servants, employees, and all those persons in active concert or participation with any of them, to deliver up for destruction, or show proof of destruction of, any and all menus, products, labels, interior and exterior signs, prints, packages, wrappers, receptacles, and advertisements of any kind, including but not limited to billboard advertisements, and any other materials in their possession, custody, or control that depict or refer to PAPACITO'S CANTINA, any other designation containing the word PAPACITO'S, or any other designation containing, or confusingly similar to, PAPPASITO'S, and any materials or articles used for making or reproducing the same, as provided by 15 U.S.C. § 1118;

4.      That the Court order a seizure of all counterfeit marks pursuant to 15 U.S.C. § 1116(d);

5.      That Plaintiff recover all damages it has sustained as a result of Roman's Food Inc.'s and Jamal Mohammad Roman's counterfeiting, trademark infringement, trade dress infringement, trademark dilution, copyright infringement, unfair competition, misappropriation, and unjust enrichment;

6.      That treble damages be added to said damages in favor of Plaintiff pursuant to 15 U.S.C. § 1117(a);

7.     That an accounting be directed to determine Roman's Food Inc.'s and Jamal Mohammad Roman's profits resulting from its trademark infringement, trade dress infringement, trademark dilution, copyright infringement, unfair competition, misappropriation, and unjust enrichment, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

8.     That the Court enter judgment for treble the amount of PRI's damages or Roman's profits, whichever is greater, together with a reasonable attorney's fee, from the intentional counterfeiting of Roman's Food Inc. and Jamal Mohammad Roman, pursuant to 15 U.S.C. § 1117(b);

9.     That, in the alternative to PRI's damages or Roman's profits from the intentional counterfeiting of Roman's Food Inc. and Jamal Mohammad Roman, the Court enter judgment for $1,000,000 as provided by 15 U.S.C. § 1117(c)(2), or, if the Court were to find that such counterfeiting were unintentional, judgment for $100,000, pursuant to 15 U.S.C. § 1117(c)(1);

10.    That punitive damages be assessed in favor of Plaintiff under Texas law;

11.    That the Court declare, as to the non-counterfeiting Lanham Act claims, that this is an exceptional case and award Plaintiff its reasonable attorney's fees for prosecuting this action pursuant to 15 U.S.C. § 1117(a);

12.    That Plaintiff be awarded statutory damages in accordance with 17 U.S.C. § 504(c);

13.    That Plaintiff be awarded its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505;

14.    That Plaintiff recover its costs of this action and prejudgment and post-judgment interest;

15.    That Jamal Mohammad Roman's Louisiana Trademark Registration for

PAPASITO'S MEXICAN GRILL & BAR be ordered cancelled pursuant to LA. REV. STAT. §

51:219; and

16.    That Plaintiff recover such other relief as the Court may deem appropriate.

## JURY TRIAL DEMAND

Pursuant to FED. R. CIV. P. 38, Plaintiff hereby demands a trial by jury on all issues

triable by right to a jury.

Respectfully submitted,

Dated:  August 24, 2005

By: _Rodney K. Caldwell_
    Rodney K. Caldwell
    *Attorney-in-Charge*
       State Bar No. 03632000
       S.D. Tex. Bar No. 00879
    Thomas L. Casagrande
       State Bar No. 24011203
       Southern District No. 22777
    HOWREY LLP
    1111 Louisiana, 25th Floor
    Houston, TX  77002-5242
    Telephone:  (713) 787-1400
    Facsimile:  (713) 787-1440
    Email:  casagrandet@howrey.com

*Attorneys for Plaintiff, Pappas Restaurants, Inc.*