United States Courts
Southern District of Texas
ENTERED

FEB 1 4 2006

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAPPAS RESTAURANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROMAN'S FOOD INC. d/b/a PAPACITO'S CANTINA, and JAMAL MOHAMMAD ROMAN, <br><br> Defendants. | Civil Action No: H-05-2991 <br><br> JURY TRIAL REQUESTED |

## CONSENT JUDGMENT OF PERMANENT INJUNCTION
## AND OTHER RELIEF

The parties to this action have settled the dispute that is the subject of this action and have agreed to the disposition of this action by entry of a judgment in the form set forth below:

1. This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. Personal jurisdiction and venue are proper in this district pursuant to 29 U.S.C. § 1391.

2. Plaintiff Pappas Restaurants, Inc. ("Pappas") is and has been since at least 1983 the owner of the name and service mark "PAPPASITO'S," which is registered for restaurant services as United States Service Mark Registration No. 1,338,505. In addition, Pappas has also continuously used the mark PAPPASITO'S CANTINA in connection with its Tex-Mex restaurant business.

3. Plaintiff Pappas has the exclusive right to use the names and marks PAPPASITO'S and PAPPASITO'S CANTINA in connection with restaurant and related businesses. The names and marks PAPPASITO'S and PAPPASITO'S CANTINA had become famous and entitled to a

broad ambit of protection against infringement and dilution prior to the actions of defendants complained of in this civil action.

4. Defendants' use of the trade names and service marks PAPACITO'S and PAPACITO'S CANTINA, as well as design elements of plaintiff Pappas' marks dilute the distinctiveness of plaintiff Pappas' famous PAPPASITO'S and PAPPASITO'S CANTINA marks and is likely to cause confusion as to the source or sponsorship of defendants' restaurants and related activities.

5. Plaintiff Pappas is the owner of United States copyright rights in its menu design, which defendants copied and used in their restaurant operations.

6. Defendant Roman's Food Inc., its officers, agents, servants, employees, attorneys, and any and all persons in active concert or participation with them, including defendant Jamal Mohammad Roman, who receive actual notice of this Order, be personal service or otherwise, are permanently restrained and enjoined from:

   (a) Using the names and marks PAPACITO'S and PAPACITO'S CANTINA and/or any other name, service mark, trademark, corporate name, slogan, domain name, or other commercial identification that includes or is otherwise confusingly similar to PAPPASITO'S including, but not limited to, the word PAPACITO'S;

   (b) Otherwise infringing or diluting the distinctiveness of the federally registered mark PAPPASITO'S; and

   (c) Infringing any of plaintiff Pappas' exclusive rights under the Copyright Act in Pappas' copyrighted menus or any element thereof.

7. The appearance of the name and mark PAPACITO'S in any Baton Rouge, Louisiana, telephone directory published and/or distributed prior to October 1, 2005, to identify defendants' former restaurants shall not be deemed a violation of paragraph 6 above.

8.  All claims pleaded by plaintiff Pappas against defendants other than the claim for injunctive relief granted by paragraph 6 of this Final Judgment and all claims and counterclaims that defendants or either of them as a matter of right could have been pleaded against plaintiff Pappas are hereby dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

9.  This judgment shall be binding upon defendants and their officers, agents, servants, employees, attorneys, and successors and assigns, and upon those persons in active concert or participation with them who receive actual notice hereof by personal service or otherwise.

10. The court shall retain jurisdiction of this civil action and the parties to resolve any issues arising out of any claim of violation of or noncompliance with this judgment and/or the agreement between the parties in settlement of this civil action.

11. In accordance with § 43 of the Federal Trademark Act, 15 U.S.C. § 1116, the Clerk of the court shall notify the Commissioner of Patents and Trademarks of the entry of this Final Judgment, who shall enter it upon the records of the United States Patent and Trademark Office.

DONE AND ORDERED at Houston, Texas, this 13th day of February 2006.

_____
United States District Judge

The parties, through their undersigned counsel, hereby consent to the entry of the foregoing Final Judgment and waive any and all rights of appeal.

PAPPAS RESTAURANTS, INC.

Dated: February 8, 2006       By: /s/ Rodney K. Caldwell
                              Rodney K. Caldwell
                              Attorney in Charge
                              Texas Bar No. 03632000
                              Southern District ID No. 879
                              Howrey LLP
                              1111 Louisiana, 25th Floor
                              Houston, Texas 77002-5242
                              Telephone: (713) 787-1400
                              Facsimile: (713) 787-1440

ROMAN'S FOOD, INC. and JAMAL MOHAMMAD ROMAN

Dated: 2/2/06                 By: /s/ John A. London, III
                              John A. London, III
                              A Professional Law Corporation
                              10988 N. Harrells Ferry, Suite 18-A
                              Baton Rouge, Louisiana 70816
                              Telephone: (225) 275-8100
                              Facsimile: (225) 273-1141

4